WILL RAINBOLT v. THE STATE.

No. 11975. Opinion withdrawn February 20, 1929.
Rehearing granted February 20, 1929.

The opinion states the case.

*Wynne & Wynne* of Kaufman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

ON MOTION FOR REHEARING.

MARTIN, JUDGE.—Conviction for violation of game laws. Penalty a fine of $100.00.

Upon a reconsideration of the record, we have concluded that the information and complaint shown in the transcript is insufficient to charge an offense under the law.

Omitting the formal parts, the information is as follows:

"Will Rainbolt was then and there the manager and lessor of a shooting preserve and of premises leased for hunting purposes, to-wit: the Scale's Ranch in said County, and did then and there as such manager and lessor, for pay unlawfully accommodate and permit certain guests and persons, to-wit: R. D. Hunt and C. W. Hamman to hunt with a gun on said shooting preserve and said premises, in said Kaufman County, Texas, the said R. D. Hunt and the said C. W. Hamman being then and there residents of Dallas County, Texas, and who had not previously secured a hunting license, as required by law."

We presume the prosecution was under Art. 908 of the Penal Code (1925). That part of said article applicable to the case here is as follows:

"Any manager of any club, shooting resort, shooting preserve, or premises leased for hunting purposes, who accommodates hunters for reward, without first having secured the necessary license as provided in this article, or failing to comply with all the provisions thereof, shall be deemed guilty of a misdemeanor and upon conviction shall be fined the sum of not less than one hundred ($100.00) dollars, nor more than two hundred ($200.00) dollars, or by imprisonment in the county jail for not more than ninety (90) days, or by both such fine and imprisonment."

Other language in said article is "that no guest will be accommodated who has not previously secured a hunting license." This appears, however, to refer to an affidavit to be filed with the Game, Fish and Oyster Commissioner. The article is lengthy and not altogether plain, but we are not able to gather from its language the meaning which seems to have been placed on it by the trial court. In other words, the requirement of a license applies to the owner of the shooting preserve and not to the hunter. The specific act charged against appellant in the information does not appear to be inhibited by the Penal Code. This exact point seems not to have been urged by appellant, either originally or on motion for rehearing. Our former opinion dealt only with questions raised in the record but a more careful reading of the statute has convinced us that appellant was convicted of an offense unknown to the law and that same presents fundamental error.

Our former opinion accordingly is withdrawn, motion for rehearing is granted, judgment of the trial court reversed and the prosecution ordered dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.